IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| CATERED FIT CORP. on behalf of itself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>GROUNDHOG ENTERPRISES, INC. D/B/A MERCHANT LYNX SERVICES, A FOREIGN FOR-PROFIT CORPORATION,<br><br>*Defendant*. | Case No. _____ |

## NOTICE OF REMOVAL

Defendant Groundhog Enterprises, Inc. d/b/a Merchant Lynx Services ("MLS"), through counsel and pursuant to 28 U.S.C. §§ 1332, 1446 and 1453, removes the above-captioned civil action currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, MLS states:

### I.  BACKGROUND AND PROCEDURAL POSTURE

1. On January 22, 2025, Plaintiff Catered Fit Corp. ("Plaintiff") filed a putative class action Complaint against MLS in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Catered Fit Corp. on behalf of itself and all others similarly situated, v. Groundhog Enterprises, Inc. d/b/a Merchant Lynx Services, a foreign for-profit corporation*, No. 25-000929 ("State Court Action"). Plaintiff sues MLS for breach of contract (count 1), unjust enrichment (count 2), and alleged violations of the Florida Deceptive and Unfair

1

Trade Practices Act (count 3) related to MLS allegedly charging Plaintiff credit-card processing fees that Plaintiff alleges were improper.[1]

2. On January 29, 2025, MLS was served with a copy of the Complaint, which is the initial pleading setting forth the claims for relief upon which this removal is based.

3. Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after MLS was served with the initial pleading on January 29, 2025.

4. The Fort Lauderdale Division of the United States District Court for the Southern District of Florida is the district within which this action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action.

5. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders" docketed in the State Court Action are attached as **Exhibit A**.

6. Pursuant to 28 U.S.C. § 1446(d), MLS has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel. MLS is also contemporaneously filing a Notice of Removal in the State Court Action, a copy of which (without exhibits) is attached as **Exhibit B**.

7. As set forth below, this case is properly removed to this Court because this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

---

[1] *See* Exhibit A (State Court Action Docket), Plaintiff's Complaint ("Complaint") at ¶¶ 66–93.

## II.     Grounds for Removal Under CAFA

8. There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9. Based on the Complaint's allegations and the removal exhibits, this Court has subject-matter jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because: (i) the putative class consists of at least 100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of MLS, § 1332(d)(2)(A); and (iii) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class members exceed $5,000,000, exclusive of interests and costs. § 1332(d). *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014).[2]

**A. The Putative Class Consists of at Least 100 Proposed Class Members.**

10. To qualify for removal under 28 U.S.C. § 1332(d)(2), MLS must first establish Plaintiff's putative class contains 100 or more members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff purports to bring this action "on behalf of itself and all others similarly situated" and defines that class as "All customers of [MLS] that were assessed Interchange fees in excess of disclosed amounts for the five (5) years before the filing of this Complaint through the date of class certification."[3]

12. Plaintiff alleges that the number of putative class members is "so numerous that individual joinder of all members is impracticable. [MLS] provides services to *hundreds* of merchants and other customers. . . ."[4] Thus, Plaintiff alleges that there are more than 100 putative

---

[2] MLS does not admit the truth of the allegations in the Complaint and merely accepts them as true for the purposes of this Notice only.
[3] *Id.* at p. 1 and ¶¶ 54–57.
[4] *Id.* at ¶ 58 (emphasis added).

class members. Defendant admits that there are in fact more than 100 merchants who have been charged Interchange fees on the same basis and with the same disclosures as Plaintiff.[5] Thus, the aggregate number of putative class members is at least 100 for the purposes of § 1332(d)(5)(B). *Perret v. Wyndham Vacation Resorts, Inc.,* No. 11-CV-61904, 2012 WL 592171, at *2 (S.D. Fla. Feb. 22, 2012) (class-member size for the purposes of CAFA may include "potential" putative class members).

**B. The Citizenship of at Least One Putative Class Member is Different from that of MLS.**

13. Minimal diversity of citizenship, as required by CAFA, exists between MLS and Plaintiff and/or the putative class members. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant").

14. Here, Plaintiff alleges it is a Florida citizen.[6] Plaintiff also alleges that MLS is a Citizen of the State of Georgia and the State of Florida.[7] However, and under Plaintiff's definition of who qualifies as a putative class member, there exists at least one, and in fact far more than one, putative class member who is not a citizen of the State of Florida or Georgia.[8] *See, e.g., Maxine Furs of Hoover, Inc., individually and on behalf of all other similarly situated, v. Groundhog Enterprises, Inc. d/b/a Merchant Lynx Services,* Case No. 9:23-cv-81349-DMM, (filed February 14, 2023), at Dkt. 1, ¶ 18, (identifying a corporate plaintiff, which would qualify as a putative class member to the State Court Action in this case, as being a citizen of the State of Alabama).[9]

---

[5] *See* Exhibit C, Declaration of Justin Seymour, at ¶ 5.
[6] *See* Complaint, at ¶ 9.
[7] *Id.* at ¶ 10.
[8] *See* Exhibit C, Declaration of Justin Seymour, at ¶ 4.
[9] *Id.* at ¶ 5.

15. Because MLS (a Florida and Georgia citizen) is diverse from other putative class members, such as Maxine Furs in Alabama, the required minimal diversity exists under § 1332(d)(2)(A).

## C. The Aggregate Amount in Controversy Exceeds $5,000,000 Exclusive of Interests and Costs.

16. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff's putative class claims meet this jurisdictional threshold.

17. The amount in controversy is "an estimate of how much will be put at issue during the litigation," rather than "a prediction of how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness,* 745 F.3d at 1315 (internal citations and quotation marks omitted). MLS's "notice of removal need only include a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89 (emphasis added).

18. Plaintiff alleges that it seeks $50,000.[10] But Plaintiff also seeks damages for each putative class member that might have been "assessed Interchange fees in excess of disclosed amounts for five (5) years before the filing of this Complaint through the date of class certification."[11] Assuming Plaintiff's allegations are correct and common questions of laws and fact predominate each putative class member and the other requirements for certification could be met, then over 25,000 merchants would have been charged Interchange Fees on the basis of the same type of disclosure notices that Plaintiff received and would therefore be members of the Class. If Plaintiff's injury is typical of the class as alleged, $50,000 times 25,000 class members

---

[10] *See* Complaint, at ¶ 1.
[11] *Id.* at p. 1 and ¶¶ 54–57.

5

would exceed $5 million. Moreover, MLS collected more than $5,000,000 in the type of interchange fees challenged here over the course of the last five years.[12] Based upon Plaintiff's allegations, then, the amount in controversy would be over $5,000,000.

19. Further, Plaintiff seeks to enjoin MLS from charging certain fees to its customers in perpetuity.[13] Each year, MLS receives more than $5,000,000 in Interchange Fees from its customers on the basis of its current practices.[14] Assuming Plaintiff's allegations are true, then Plaintiff seeks to enjoin MLS from collecting more than $5,000,000 in future fees from its Merchants. *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("[F]or purposes of CAFA, we aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if injunctive or declaratory relief were granted." (internal brackets and quotation marks omitted)).

20. In sum, because (i) the putative class has greater than 100 members, (ii) there is minimal diversity between the parties, and (iii) the amount in controversy exceeds $5,000,000, this case is properly removed to this Court pursuant to CAFA. 28 U.S.C. § 1332(d), 1453.

### III.    RESERVATION OF RIGHTS

21. In filing this Notice of Removal, MLS does not waive and expressly reserves any defenses, exceptions, rights, and motions. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any rule 12(b) defenses"). No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint. Similarly, by

---

[12] *See* Exhibit C, Declaration of Justin Seymour, at ¶ 5.
[13] *See* Complaint, p. 17 ("Plaintiff. . . requests that this Court. . . Enjoin [MLS] from continuing to overcharge and misrepresent Interchange Fees to its customers").
[14] *See* Exhibit C, Declaration of Justin Seymour, at ¶ 5.

filing this Notice of Removal, MLS does not agree that class certification is appropriate and reserves all defenses and arguments concerning the same.

22. MLS further reserves the right to supplement the evidence of the amount in controversy should this Court so require or should Plaintiff contest it. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

                                           Respectfully submitted,

                                           */s/ Benjamin Katz*
                                           Benjamin Michael Katz (FBN 100930)
                                           **BRADLEY ARANT BOULT CUMMINGS LLP**
                                           1221 Broadway
                                           Suite 2400
                                           Nashville, TN  37203
                                           Tel: (615) 252-3598| Fax: (615) 252-6380
                                           Primary E-Mail:  bkatz@bradley.com
                                           Secondary E-Mail:  rransom@bradley.com
                                           **ATTORNEY FOR DEFENDANT**

4936-1620-4314.2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on February 28, 2025. I also certify that the foregoing document is being served this day via e-mail on the following counsel:

Jordan A. Shaw
jshaw@shawlewenz.com
Kimberly A Slaven-Hauth
kslaven@shawlewenz.com
Gabriel E. Morales
gmorales@shaw;ewenz.com

**SHAW LEWENZ, LLLP**
110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 3301

*/s/ Benjamin Katz*
**ATTORNEY FOR DEFENDANT**

4936-1620-4314.2